UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH,<br><br>            Plaintiff,<br><br>    v.<br><br>TYSON POUGE, *ET AL.*,<br><br>            Defendants. | Case No. 1:24-CV-00486-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO REQUIRE THAT PLAINTIFF PAY THE $405 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>AND<br><br>ORDER TO APPOINT DISTRICT JUDGE<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Patrick Booth is detained at Madea County Jail and he is proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983 against various Madea County Jail employees. (ECF No. 1). Plaintiff claims that defendants are not providing him with sufficient toilet paper, keeping the lights on, and will not provide him medical care for his eyes hurting because the jail keeps the lights on. (*See generally* ECF No. 1). Plaintiff has not paid the $405 filing fee, and the application he submitted to proceed *in forma pauperis* (IFP) is missing the second page of the form, which would normally include a date and Plaintiff's signature. (ECF No. 2). Submitting a complete and signed IFP form, however, would be futile.

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because Plaintiff was not in imminent danger of serious physical injury at the time

he filed it, the Court will recommend that Plaintiff's motion to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g):

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

In addition, this Court has recently held that voluntary dismissals after a finding that an inmate's complaint fails to state a claim are, in fact, strikes within the meaning of Section 1915(g). *Spencer v. Milan*, No. 1:20-CV-00682-JLT-GSA PC, 2024 WL 639907, at *10 (E.D. Cal. Feb. 16, 2024), *report and recommendation adopted*, 2024 WL 1155848 (E.D. Cal. Mar. 18, 2024). These voluntary dismissals are "effectively dismissals after failures to amend" and they "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Id.*

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on April 24, 2024. (ECF No. 1). The Court takes judicial notice of the following district court cases, each of which counts as a "strike":

(1) *Booth v. Frazier, et al.*, 1:18-cv-00670-LJO-BAM (E.D. Cal.) (dismissed for failure to state a claim by order filed on February 8, 2019, ECF No. 16);

(2) *Booth v. Carrol*, No. 1:20-cv-01067-CDB (E.D. Cal.) (dismissing with prejudice after Plaintiff filed a notice of "Forced Voluntary Withdrawal" after a screening order finding that complaint failed to state a claim and granting leave to amend, by order filed on June 5, 2023, ECF No. 17);

(3) *Booth v. Campbell*, No. 1:21-cv-00123-JLT-BAM (E.D. Cal.) (dismissed for failure to state a claim by order filed on July 12, 2022, ECF No. 19);

(4) *Booth v. Williams College, et al.*, No. 2:20-cv-00265-JAM-CKD (PC) (E.D. Cal.) (dismissed for failure to state a claim by order filed on March 22, 2021, ECF No. 13).

The Court's review of the above records reveals that on at least three occasions, prior to the filing of the instant action, lawsuits filed by Plaintiff have been dismissed on the ground that they failed to state a claim upon which relief may be granted. Therefore, the Court finds that Plaintiff is precluded from proceeding *in forma pauperis* in this case unless he demonstrates he meets the "imminent danger" exception.

**B.  Imminent Danger**

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**1.  Legal Standards**

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood

3

of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "[t]o qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

### 2. Plaintiff's Complaint

Plaintiff sues Madera County Sheriff Tyson Pogue[1] and other Madera County Jail employees. (ECF No. 1 at 2). He alleges four Eighth Amendment claims related to conditions of his confinement.

The first claim alleges that on one occasion, Plaintiff was given only a limited quantity of toilet paper while he had "the runs." (*Id.* at 3) He had to use a rag instead, and it caused burns to his buttocks. (*Id.*)

The second claim alleges that Sheriff Pogue keeps the light on in his cell at night and because of that, Plaintiff "can't sleep or see right anymore." (*Id.* at 4). Plaintiff alleges his injuries are that his eyes hurt and "he can't think right." (*Id.*)

In his third claim, Plaintiff alleges that even though he submitted a sick call, he was told that medical staff would not provide medical care for his eyes that hurt from the bright lights. (*Id.* at 5). Plaintiff states that his head hurts and he sees "little white dots" when he closes his eyes. (*Id.*) Plaintiff states he did not grieve this claim because he was told that he filed a grievance, he would then be taken off his medication. (*Id.*)

---

[1] Plaintiff spells it as "Poug" and "Pouge."

Claim four alleges that Sheriff Pogue made a policy of "preventing any copies of any documents to be mailed to inmate. This policy is to keep inmates out of the courts." (*Id.* at 6). Plaintiff states his investigator sent him copies of transcripts and case law so that he could file this suit. (*Id.*) "The mail was sent back stating (NO COPIES) can be sent to the inmate – that we would need to hire an attorney to send Plaintiff copies of the 1983 forms." (*Id.*) Plaintiff states that he was injured because he had to pay money to get free court forms and lost $4.00 on postage and shipping and handling cost of $24.00. (*Id.*)

The complaint does not describe any imminent serious physical injury or genuine emergency. The Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. For this reason, Plaintiff is precluded from proceeding *in forma pauperis* in this action under § 1915(g). Accordingly, the Court will recommend that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**III.   ORDER AND RECOMMENDATIONS**

The Court funds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* be **DENIED** (ECF No. 2);
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action;
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 25, 2024**                                    /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE