**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK J. BOOTH,<br><br>            Plaintiff,<br><br>      v.<br><br>TYSON POUGE, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-0486 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(Docs. 2, 5) |

Patrick Booth is detained at Madera County Jail, and he seeks to hold several Madera County Jail employees liable for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants denied him toilet paper for several days, they keep the lights on at night, they will not provide him medical care for his eyes that hurt because of it, and they do not allow copies of any documents to be sent to Plaintiff. (*See generally* Doc. 1.) Plaintiff seeks to proceed *in forma pauperis* in the action. (Doc. 2.) For the reasons set forth below, Plaintiff's application is **DENIED**.

**I.      Findings and Recommendations**

The magistrate judge determined that Plaintiff's application to proceed IFP was deficient because it "is missing the second page, which would normally include a date and Plaintiff's signature." (Doc. 5 at 1.) In addition, the magistrate judge found leave to amend the application was futile because "Plaintiff had at least three 'strikes' prior to filing this action and because

1

Plaintiff was not in imminent danger of serious physical injury at the time he filed it." (*Id.* at 1-2.) Specifically, the magistrate judge found the following cases[1] qualify as a strike under 28 U.S.C. § 1915(g):

1. *Booth v. Frazier, et al.*, 1:18-cv-00670-LJO-BAM (E.D. Cal.) (dismissed for failure to state a claim on February 8, 2019);

2. *Booth v. Carrol*, No. 1:20-cv-01067-CDB (E.D. Cal.) (dismissing with prejudice after Plaintiff filed a notice of "Forced Voluntary Withdrawal" after a screening order finding that complaint failed to state a claim and granting leave to amend, on June 5, 2023);

3. *Booth v. Campbell*, No. 1:21-cv-00123-JLT-BAM (E.D. Cal.) (dismissed for failure to state a claim on July 12, 2022); and

4. *Booth v. Williams College, et al.*, No. 2:20-cv-00265-JAM-CKD (E.D. Cal.) (dismissed for failure to state a claim on March 22, 2021).

(Doc. 5 at 3.) In addition, the magistrate judge found Plaintiff fails to show he was in imminent danger of serious physical injury, such that an exception to Section 1915 applies. (*Id.* at 3-5.) Therefore, the magistrate judge recommended Plaintiff's motion to proceed IFP be denied and that Plaintiff be ordered to pay the filing fee. (*Id.* at 5.)

**II.    Plaintiff's Objections**

Plaintiff acknowledges that he filed the four cases identified by the magistrate judge, and asserts he "paid the[] filing fees in full." (Doc. 7 at 2-3.) Plaintiff contends that he "paid $1,400.00 in [filing] fees to learn to file a proper claim" and none of his filings were "frivolous, or malicious civil rights action[s] under 42 U.S.C. Section 1983." (*Id.* at 4.)

Plaintiff also argues he satisfies the imminent danger exception to Section 1915(g), reiterating allegations in his complaint. (Doc. 7 at 5; *see also* Doc. 1 at 3-4.) He states he was denied toilet paper for four days and using wipes to clean himself caused blisters. (*Id.*) Plaintiff asserts the blisters became infected because he shared a toilet with ten other men. (*Id.*) He contends the building where he was housed suffered a power outage and the lights used because

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Thus, the Court takes judicial notice of its docket and orders filed in the following cases: (1) *Booth v. Frazier, et al.*, Case No. 1:18-cv-00670-LJO-BAM; (2) *Booth v. Carrol*, Case No. 1:20-cv-01067-CDB; (3) *Booth v. Campbell*, Case No. 1:21-cv-00123-JLT-BAM; and (4) *Booth v. Williams College, et al.*, No. 2:20-cv-00265-JAM-CKD.

of the outage were high-voltage spotlights, which were aimed towards the windows of the building where Plaintiff slept. (*Id.* at 6-7.)  Because of bright lights, he saw white dots and his head was in pain, yet he was denied medical attention. (*Id.* at 8-9.)  Plaintiff asserts that he does not live in Russia, and here in California, USA, every prison and jail shall provide medical assistance. (*Id.* at 8.)  Further, Plaintiff re-asserts the claim from his complaint that Madera County Jail will not allow him to receive certain pieces of mail. (*Id.* at 10-11.)

Plaintiff also disputes the findings of the magistrate judge that each of the cases identified qualify as "strikes." (Doc. 7 at 11-14.)  Plaintiff reports that in both *Booth v. Campbell* and *Booth v. Frazier*, he argued the defendants planted evidence in his criminal case. (*Id.* at 12-13.)  He contends that in *Campbell* and *Frazier*, he withdrew the complaints "due to the threat of being *Heck* barred by the Court, it was not for the failure to state a claim (in part)." (*Id.* at 13-14.)  He also states that *Booth v. Williams* "settled out of court." (*Id.* at 14.)  Finally, Plaintiff reports that "the Madera County Jail did not have the last page" of the IFP form, which is why he submitted an incomplete application. (Doc. 7 at 15.)

### III.     Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1).  If objections are filed, "the court shall make a de novo determination" of the findings or recommendations to which the objections were made. *Id.* A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A.     Plaintiff's strikes under Section 1915(g)

The Prison Litigation Reform Act precludes a prisoner from proceeding IFP if he filed three or more cases prior to the current action that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Specifically, Section 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

*Id.* To determine whether a prior dismissal counts as a strike under Section 1915(g), the Court "should look to the substance of the dismissed lawsuit, and not to how the … court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted).

### 1. Payment of the filing fees

To the extent Plaintiff argues cases should not count as strikes when he paid the filing fee, this argument lacks merit. Dismissals may "be designated as strikes under § 1915(g), regardless of whether the filing fee was paid." *Belanus v. Clark*, 796 F.3d 1021, 1028 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 109 (2016). Consequently, whether a plaintiff paid the filing fee in an action is irrelevant to the determination of whether the dismissal qualifies as a strike. *See id.*; *see also Coomer v. Doe #2489*, 2023 WL 6370250, at *2 (N.D. Tex. Aug. 14, 2023) (explaining it is a plaintiff's "status as a prisoner—not his ability to pay the filing fee—" that makes a dismissal for failure to state a claim qualify as a "strike"); *Massey v. Fischer*, 2010 WL 234999, at *3 (S.D.N.Y. Jan. 19, 2010) ("whether Plaintiff paid the filing fee in a prior action is irrelevant to the question of whether the action qualifies as a strike for purposes of § 1915(g)"). Thus, Plaintiff fails to show his prior actions should not qualify as strikes merely because he paid the filing fees.

### 2. Whether the dismissals qualify as strikes

Though Plaintiff states that he voluntary dismissed *Booth v. Frazier,* examination of the Court's docket and orders in that case contradicts his claim. In *Frazier*, Plaintiff filed a complaint that failed to state a claim and the Court determined the deficiencies in that complaint could not be corrected by filing an amended complaint. (*Frazer,* Case No. 1:18-cv-00670-LJO-BAM, Doc. 14.) The action was dismissed "due to Plaintiff's failure to state a claim on which relief may be granted" on February 8, 2019. (*Id*, Doc. 16.)

Similarly, the dismissal of *Booth v. Campbell* was not voluntary. The Court screened Plaintiff's complaint and found he failed to state a claim, and indicated some claims may be barred. (*Campbell*, Case No. 1:21-cv-00123-JLT-BAM, Doc. 12.) The Court directed Plaintiff to file an amended complaint and indicated he could also file a notice of voluntary dismissal. (*Id.* at 10.) In response, Plaintiff filed an amended complaint and a "Motion to Quash 1983 suit under

*Heck* bar." (*Campbell*, Docs. 15-16.) The motion asked the Court to dismiss two defendants who he omitted from the amended complaint. (*Campbell*, Doc. 16.)  The Court terminated the two defendants and screened the amended complaint, finding that it also failed to state a claim. (*Campbell*, Doc. 17.)  The Court noted, "Despite being provided with relevant legal standards and being granted an opportunity to amend his complaint, Plaintiff has been unable to cure the deficiencies." (*Id.* at 10.)  The Court found further leave was futile and dismissed the case—over Plaintiff's objections—"for failure to state a cognizable claim upon which relief may be granted" on July 12, 2022. (*Campbell*, Docs. 18, 19.)  Thus, this dismissal qualifies as a strike.[2]

Again, Plaintiff filed a complaint that the Court failed to state a claim in *Williams College*. (Case No. 2:20-cv-00265-JAM-CKD, Doc. 7.)  After Plaintiff filed an amended complaint, the Court found that Plaintiff "made no effort" to follow the pleading and claim standards articulated in the prior order. (*Williams College*, Doc. 11 at 2.)  The Court dismissed the action "for failing to state a claim" on January 14, 2021. (*Williams College*, Doc. 13 at 2.)  Therefore, the Court adopts the finding of the magistrate judge that Plaintiff had at least three strikes under Section 1915(g) prior to filing of this action on April 24, 2024.

### B.   The "imminent danger" exception

The PLRA provides that a prisoner with three strikes cannot use IFP status to "bring a civil action … unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Ninth Circuit determined that "to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court."  *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate."  *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

---

[2] Moreover, even Plaintiff voluntarily dismissed the action after the Court's screening order finding he failed to state a claim, such dismissal would count as a strike. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (a dismissal may qualify as a strike when a district court finds a complaint fails to state a claim and grants leave to amend, and the plaintiff fails to amend); *see also Large v. Beckham Cnty. Dist. Ct.,* 558 Fed. App'x 827, 829 (10th Cir. 2014) (plaintiff cannot use a voluntary dismissal "to avoid the effect of a 'strike' under 28 U.S.C. § 1915(g) once his case was already screened and found meritless" (citations omitted)).

Plaintiff's allegations in the complaint do not show he satisfies the "imminent danger of serious physical injury" exception.  He contends that he was denied toilet paper for approximately four days, beginning March 29, 2024.  (Doc. 1 at 3; *see also* Doc. 7 at 5.)  Thus, it appears the situation ended before Plaintiff filed his complaint on April 24, 2024, and Plaintiff could not show any *imminent* issue.  On the other hand, it is unclear whether the "constant illumination" of lights into the housing unit ended prior to the filing of the complaint.  (*See* Doc. 1 at 4; *see also* Doc. 7 at 7 [indicating inmates "slept for almost a month" with the bright lights].)  Regardless, being "subjected to constant lighting … does not demonstrate that Plaintiff is presently in imminent danger of serious physical injury."  *See Hendon v. Davey*, 2017 U.S. Dist. LEXIS 73763, at *3 (E.D. Cal. May 15, 2017), *adopted by* 2017 U.S. Dist. LEXIS 107154 (E.D. Cal. July 10, 2017).  Finally, Plaintiff's allegations concerning his mail do not satisfy the imminent danger exception. *See Ray*, 31 F.4th at 701-702 (allegations that a correctional officer "censored and confiscated [a plaintiff's] prison mail" did not show the plaintiff qualified for the imminent danger exception to Section 1915(g)).  Therefore, the magistrate judge did not err in finding Plaintiff fails to identify any facts in his allegations—or the objections—supporting a conclusion that he is in imminent danger of serious physical injury.

## IV.    **Conclusion and Order**

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Even if Plaintiff filed a complete motion to proceed IFP, he is not entitled to such status in this action.  Therefore, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 25, 2024 (Doc. 5) are **ADOPTED** in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Within 30 days from the date of service of this order, Plaintiff **SHALL** pay in full the $405.00 filing fee if he wishes to proceed with this action.

///

...

**Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated: __June 15, 2024__                                    _/s/ Jennifer L. Thurston_
                                                                                  UNITED STATES DISTRICT JUDGE